IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTOS B. RAMOS-RODRIGUEZ, | : | Civil No. 1:25-CV-00421 |
| Petitioner, | : | |
| v. | : | |
| KATHY BRITTAIN, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Santos B. Ramos-Rodriguez ("Petitioner"). (Doc. 1.) Because this is Petitioner's third petition for a writ of habeas corpus under 28 U.S.C. § 2254 and no documentation has been provided demonstrating that the Third Circuit has granted him permission to file a successive habeas corpus petition, the petition will be dismissed.

## PROCEDURAL HISTORY AND BACKGROUND

This is Petitioner's third petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) On December 7, 2011, Petitioner filed a habeas corpus petition challenging the same conviction that he challenges in the present case. *Ramos Rodriguez v. Ct. of Common Pleas of York Cty.*, No. 1:11-CV-02267 (M.D. Pa. Dec. 7, 2011). The court denied that petition in an order docketed by Judge Caldwell on May 7, 2012. *Ramos Rodriguez v. Ct. of Common Pleas of York Cty.*,

No. 1:11-CV-02267, 2012 WL 1605438 (M.D. Pa. May 7, 2012). Likewise, on October 22, 2018, Petitioner filed a second habeas corpus petition challenging the same conviction. *Ramos Rodriguez v. Commonwealth*, No. 1:18-CV-02029 (M.D. Pa. Oct. 22, 2018). The court denied that petition in an order entered by Judge Jones on July 25, 2019. *Ramos Rodriguez v. Commonwealth*, No. 1:18-CV-02029 (M.D. Pa. Jul. 25, 2019).

On March 6, 2025, Petitioner filed the instant petition seeking relief based on newly discovered evidence. (Docs. 1, 2.) On September 10, 2025, the court ordered that Petitioner provide documentation demonstrating that the Third Circuit had granted him permission to file a successive habeas corpus petition by October 10, 2025. (Doc. 10.) As of the date of this order, no such documentation has been provided to the court.

## Discussion

"[A] second or successive habeas petition under § 2254 is to be dismissed unless certain very specific and rare circumstances exist." *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000). Among other requirements, a petitioner seeking to file a second or successive habeas corpus petition "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244; *accord Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Here, Petitioner has not filed any document showing that the United States Court of Appeals for the Third Circuit has granted him permission to file a successive habeas corpus petition by the deadline set forth by the court. Thus, it appears from the record that Petitioner does not have permission to file a successive habeas corpus petition, and this case will be dismissed as a successive habeas corpus petition.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

The petition filed pursuant to Section 2254 will be dismissed.  The court will deny a certificate of appealability, and the case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 3, 2025